IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SCOTT A. BOLES,

        Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

        Defendant.

4:11CV3031

**MEMORANDUM AND ORDER**

      This matter is before the court on Defendant's Motion for Reconsideration of the Order Granting Plaintiff's Motion to Compel, (Filing No. 78).[1]  For the reasons set forth below, Defendant's motion for reconsideration is denied in its entirety.

BACKGROUND

      The complaint filed by the plaintiff alleges ERISA claims for the recovery of benefits on two disability income insurance policies issued by UNUM Life Insurance Company of America ("UNUM").  Discovery commenced and the parties stipulated to a Protective Order addressing how the parties would handle the disclosure of confidential information.  UNUM objected to certain interrogatories served on it by Boles.  In response, Boles brought a motion to compel responses from UNUM.  After briefing and oral argument, the court entered a Memorandum and Order granting Boles' motion to compel, finding Boles was entitled to limited discovery on the issue of UNUM's potential conflict of interest in determining Boles' eligibility for disability benefits.  (Filing No. 69).

---

[1] There is also a pending motion to unrestrict access to the Memorandum and Order ruling on Plaintiff's Motion to Compel, (Filing No. 69).  Ruling on that matter will be stayed, pending the outcome of the parties' mediation.

UNUM has filed a motion to reconsider the Memorandum and Order granting Boles' Motion to Compel. Although UNUM has complied with the Order and provided Boles with the requested discovery, UNUM takes issue with some of the statements made by the undersigned in her opinion and requests that the court remove "factual conclusions about [UNUM's] handling of [Boles'] claim . . . and broad accusatory statements about [UNUM's] culture and claims practices that have no support in the limited record before the court." Filing No. 79, at CM/ECF p. 11.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 60(b) the "court may relieve a party . . . from a final judgment, order, or proceeding . . . ." The rule further enumerates several grounds under which a party may seeks relief and a catch-all provision stating a party may seek relief based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

UNUM does not contest the result of the Memorandum and Order. It has represented to the court that it fully responded to the interrogatories that were the subject of the Motion to Compel—which likely renders the motion to reconsider moot. But UNUM objects to the inclusion of certain facts in the Memorandum and Order. Thus, UNUM's motion is better characterized as a motion asking the court to rewrite its opinion.

It is up to the court to decide what information it deems relevant and necessary in making its judgments, or how thoroughly the court discusses the facts in its written decision. Every fact cited in the Memorandum and Order was filed of record and was identified and examined by the court in an effort to determine whether the plaintiff's discovery requests sought information relevant to the case – particularly as to how the disputed requests pertained to UNUM's potential conflict of interest and any deference to

be afforded UNUM's decision to deny the plaintiff's ERISA claim. Other than ruling that the defendant must respond to the discovery served, the Memorandum and Order does not include any ruling on any issue in this case and did not create any prejudice to UNUM. Thus, the court declines to reconsider, rewrite, or redact its Memorandum and Order.

Accordingly,

IT IS ORDERED that the defendant's Motion for Reconsideration, (Filing No. 78), is denied in all respects.

Dated this 14th day of March, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge